10-128-ag
Fuentes-Hernandez v. Holder

BIA
DeFonzo, IJ
A99 515 609

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand eleven.

PRESENT:
      ROBERT A. KATZMANN,
      PETER W. HALL,
      GERARD E. LYNCH,
         *Circuit Judges.*

_____

ELMER ALEXANDER FUENTES-HERNANDEZ,
     *Petitioner,*

     v.                      10-128-ag
                              NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:        Andrew P. Johnson, New York, NY.

FOR RESPONDENT:       Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Franklin M. Johnson, Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Elmer Alexander Fuentes-Hernandez, a native and citizen of El Salvador, seeks review of a December 22, 2009, decision of the BIA affirming the August 14, 2008, decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Fuentes-Hernandez's applications for asylum and withholding of removal. *In re Elmer Alexander Fuentes-Hernandez*, No. A099 515 609 (B.I.A. Dec. 22, 2009), *aff'g* No. A099 515 609 (Immig. Ct. N. Y. City, Aug. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as in this case, the BIA agrees with the IJ and merely supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well-established. *See*, *e.g.*, *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency did not err in denying Fuentes-Hernandez's application for asylum and withholding of removal because he failed to establish a nexus between the harm he fears and one of the protected grounds enumerated in the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. §§ 1101(a)(42); 1158(b); 1231(b)(3). For applications governed by the amendments to the INA made by the REAL ID Act of 2005, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 343 (BIA 2010); *Matter of J-B-N- & S-M-*, 24 I. & N. Dec. 208, 212 (BIA 2007). In order to demonstrate persecution on account of a protected ground, the "applicant must [] show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief [or another protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)); *see also In re S-P-*, 21 I. & N. Dec. 486, 494-95 (BIA 1996).

2

Contrary to Fuentes-Hernandez argument, the agency did not err in determining that his claimed social group – individuals who resisted gang recruitment in El Salvador – does not constitute a "particular social group" for purposes of the INA because of its lack of particularity and social visibility. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007)(per curiam)*; Matter of S-E-G-*, 24 I. & N. Dec. 579, 582-88 (BIA 2008). The BIA has held that neither Salvadoran youth who have been subjected to, have rejected or resisted recruitment efforts by the Mara Salvatrucha ("MS-13") gang nor the family members of such Salvadoran youth constitute a "particular social group." *Matter of S-E-G-*, 24 I. & N. at 582-88. The BIA explained that applicants who feared "retaliation by the MS-13 for their resistance to recruitment efforts" failed to establish "that the MS-13 gang in El Salvador imputed, or would impute on them, an anti-gang political opinion." *Id.* at 589. The BIA thus relied on its factual determination that the applicants had not shown "that the MS-13 gang members who pursued [them] had any motives other than increasing the size and influence of their gang." *Id*. While the BIA's decision in *Matter of S-E-G-* is not binding on us, its analysis is instructive. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (analyzing the BIA's decision in *Matter of S-E-G-*).

In this case, although Fuentes-Hernandez claims in his brief to have suffered persecution because of his membership in a family considered to be "traitors" by his alleged persecutors, the record does not compel the conclusion that he was targeted for that reason or otherwise targeted for recruitment because he possessed a belief or characteristic the gang sought to overcome. *See Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987). Fuentes-Hernandez fails to demonstrate that the motive behind the recruitment efforts was for anything "other than increasing the size and influence of [the] gang." *Matter of S-E-G-*, 24 I. & N. Dec. at 589. Indeed, his application repeatedly asserted that he was pressured to either join the gang or pay money to the gang, including during the one incident in which the gang members told him that he came from a family of "traitors" and that they knew his uncle was in the military.

3

Because the agency reasonably found that Fuentes-Hernandez was not targeted for any reason other than to increase the size of the gang or because of his refusal to join, his claim did not bear the requisite nexus to a protected ground.  The agency did not err in denying his applications for asylum and withholding of removal.  *See* 8 U.S.C. § 1252(b)(4)(B)*; see also Manzur v. U.S. Dep't of Homeland Security,* 494 F.3d 281, 289 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4